# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC, | No. 4:19-CV-01048 |
| Plaintiff, | (Judge Brann) |
| v. | |
| DAVID E. EVERSON, | |
| Defendant. | |

## MEMORANDUM OPINION

### JANUARY 11, 2021

## I.   BACKGROUND

This case was initially filed by Plaintiff Malibu Media, LLC against Defendant David E. Everson on June 20, 2019. For the past 18 months, Defendant has failed to appear before this Court. Plaintiff moved for entry of default in December 2019 and default was subsequently entered by the Clerk of Court. Currently before this Court is Plaintiff's motion for default judgment, filed December 18, 2020. Defendant has failed to respond, and therefore the motion is now ripe for disposition. For the reasons that follow, the motion is granted in part and denied in part.

## II.   DISCUSSION

### A.   Default Judgment is Warranted

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[1]  "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[2]  "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."[3]  It is "well settled that decisions relating to default judgments are committed to the sound discretion of the district court."[4]

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[5]  Of course, "when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c)."[6]

---

[1]  Fed. R. Civ. P. 55(b)(2).
[2]  *Kibbie v. BP/Citibank*, 2010 WL 2573845 at *2 (M.D. Pa. June 23, 2010).
[3]  10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).
[4]  *Pesotski v. Summa & lezzi, Inc.*, 2017 WL 3310951 at *2 (M.D. Pa. Aug. 3, 2017).
[5]  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).
[6]  *Deutsche Bank Nat. Trust Co. v. Strunz*, 2013 WL 122644 at *1 (M.D. Pa. Jan. 9, 2013).

In cases where the Defendant fails to appear, this Court may enter default judgment "based solely on the fact that the default has occurred."[7]

The Court nevertheless considers the factors at issue for the sake of completeness; in this case, those factors clearly favor the grant of a default judgment. First, Plaintiff would be prejudiced by its "current inability to proceed with [its] action due to Defendant['s] failure to defend."[8] Defendant's decision to not appear before this Court would otherwise prevent Plaintiff from recovering any damages for [its] claim. Similarly, the second factor points in favor of the grant of default judgment. "Defendant has not responded to the allegations and, thereby, has failed to assert a defense."[9] Finally, there does not appear to be any excuse for Defendant's failure to appear or otherwise respond to Plaintiff's complaint. Plaintiff submitted proof that Defendant was served on November 7, 2019.[10] Having received service in person, Defendant has yet to respond or appear in this action. Because Defendant has offered no explanation for his failure to respond, the Court finds that Defendant is culpable.[11] Therefore, the Court finds that default judgment is appropriate given the circumstances.

---

[7] *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir.1990).
[8] *Broadcast Music, Inc. v. Kujo Long, LLC*, 2014 WL 4059711 at *2 (M.D. Pa. Aug. 14, 2014).
[9] *Pesotski*, at *3.
[10] Doc. 13.
[11] *See Laborers Local Union 158 v. Shaffer*, 2011 WL 1397107 (M.D. Pa. Apr. 13, 2011).

A finding that default judgment is warranted, however, "is not the end of the inquiry."[12]  First, the Court must consider whether the "unchallenged facts constitute a legitimate cause of action."[13]  Although the defaulting party does not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[14]  Plaintiff's complaint asserts violations the Copyright Act of 1976.[15]  The Court now considers whether the allegations in the complaint, taken as true, state a claim under those statutes.

### B.   The Facts Alleged in the Complaint

The facts alleged in the complaint, which I accept as true for the purposes of determining whether Plaintiff has stated a claim, are as follows.

Plaintiff owns the copyrights to a number of films.[16]  Defendant has persistently infringed on Plaintiff's copyrights.[17]  Plaintiff used IP address geolocation technology to identify Defendant and locate him.[18]  Defendant used the BitTorrent distribution network to download, copy, and distribute complete copies of Plaintiff's works without permission.[19]  BitTorrent is a peer-to-peer file sharing system through which users can distribute data including digital movie files.[20]

---

[12]  *Martin v. Nat'l Check Recovery Servs., LLC*, 2016 WL 3670849 at *1 (M.D. Pa. July 11, 2016).
[13]  *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 541 (E.D. Pa. 2008).
[14]  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).
[15]  17 U.S.C. §§ 101, *et seq*.
[16]  Doc. 12. ¶ 2; Ex. B.
[17]  *Id*. ¶ 2.
[18]  *Id*. ¶ 5.
[19]  *Id*. ¶¶ 10-24.
[20]  *Id*. ¶ 10.

BitTorrent essentially breaks a file into smaller pieces, which users exchange among each other.[21]  Once a user has every piece of the file, BitTorrent reassembles the pieces such that the file may be used.[22]  Defendant used the BitTorrent network to download a complete copy of Plaintiff's copyrighted works. Defendant also displayed and performed the copyrights works.[23]  In doing so, Defendant violated Plaintiff's copyrights.[24]  Plaintiff's investigator connected Defendant's IP address with each of the four digital media files in question.[25]

### C.   Plaintiff's Claims

Plaintiff claims violation of the Copyright Act, stemming from the allegations described above.  In order to establish copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work."[26]  Plaintiff owns the copyrights to the films listed in Exhibit A of the Amended Complaint.[27]  Plaintiff has alleged which works are subject to the copyright claim, ownership thereof, and has shown that the works are registered with the Copyright Office.[28]  Therefore, the Court must consider whether Plaintiff has established the second element.

---

[21]  *Id.* ¶ 12.
[22]  *Id.* ¶ 13.
[23]  *Id.* ¶ 32.
[24]  *Id.*
[25]  *Id.* ¶ 24.
[26]  *Tanksley v. Daniels*, 902 F.3d 165, 173 (3d Cir. 2018) (quoting *Dun v. Broadstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002)).
[27]  Doc. 12, Ex. A.
[28]  *Office for Planning and Architecture, Inc. v. City of Harrisburg*, 2020 WL 6889198 at *4 (M.D. Pa. Nov. 24, 2020).

Section 106 of the Copyright Act gives copyright owners six exclusive rights.[29] Plaintiff alleges that Defendant violated at least four of those rights; (1) reproduction; (2) distribution; (3) performance; and (4) display.[30] "Infringement is considered willful if, for example, the defendant fails to respond and default is entered or the defendant used BitTorrent protocol to gain access to a work for free that otherwise would have required payment."[31] By using the BitTorrent protocol, Defendant "downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization."[32] Using the piece hashes assigned to every section of a BitTorrent file, Plaintiff's investigator was able to download one or more piece of each of the files identified in Exhibit A.[33] Plaintiff has alleged facts, admitted by Defendant, showing that Defendant willfully infringed on Plaintiff's copyrights of the works identified in Exhibit A.

### D.  Damages

Having found that Plaintiff has stated a legitimate cause of action, the Court considers the amount of damages Plaintiff is entitled to. Plaintiff seeks statutory damages in the amount of $1,500.00 per work, or $6000.00 total. The copyright holder can choose between statutory damages and actual damages. Statutory

---

[29] 17 U.S.C. § 106.
[30] Doc. 12.
[31] *Malibu Media, LLC v. Cui*, 2014 WL 5410170 at *3 (E.D. Pa. Oct. 24, 2014).
[32] Doc. 12 ¶ 23.
[33] *Id.* ¶ 14-18.

damages are awarded as "the court considers just."[34]  "The starting point for statutory damages analysis in a copyright action is the minimum, $750.00 per infringement, and it is up to the court to decide whether to increase that figure based on the Defendant's conduct."[35]  Therefore, the Court must consider whether it should double the amount of damages from the baseline $750.00, as Plaintiff asks.

As it has in other similar actions, "Malibu points to cases, none of which are from this Circuit, as evidence that '[c]ourts routinely award statutory damages in an amount equal to $30,000 for intentional online copyright infringement per work on default judgment.'"[36]  In recent years, however, several courts within this Circuit have found the minimum statutory damages proper in default judgment actions brought by this same Plaintiff.[37]

For example, in a recent matter in the Middle District of Pennsylvania, Plaintiff sought the same $1,500.00 award per work.[38]  Instead, Plaintiff received $750.00 in statutory damages per work.  Likewise, I find the minimum statutory

---

[34] 17 U.S.C. § 504.
[35] *Malibu Media, LLC v. Flanagan*, 2014 WL 2957701 at *3 (E.D. Pa. July 1, 2014).
[36] *Malibu Media, LLC v. Brickhouse*, 2019 WL 4061754 at *3 (E.D. Pa. Aug. 27, 2019); *see also* Doc. 19 at 20.
[37] *See, e.g.*, *Malibu Media, LLC v. Powell*, 2016 WL 26068 (M.D. Pa. Jan. 4, 2016); *Malibu Media, LLC v. Deleon*, 2016 WL 3452481 (D. N.J. June 20, 2016); *Malibu Media, LLC v. Tsao*, 2016 WL 3450815 (D. N.J. June 20, 2016); *Wei Ho*, 2019 WL 3216657 at *3 (M.D. Pa. July 17, 2019); *Malibu Media, LLC v. Toshi Yamada*, 2019 WL 1586813 (D. N.J. Apr. 2019); *Malibu Media, LLC v. Cui*, 2014 WL 5410170 (E.D. Pa. Oct. 24, 2014); *Malibu Media, LLC v. Brickhouse*, 2019 WL 4061754 (E.D. Pa. Aug. 27, 2019).
[38] *Malibu Media, LLC v. Wei Ho*, 2019 WL 3216657 at *3 (M.D. Pa. July 17, 2019) (Kane, J.).

damages appropriate, in part because "Plaintiff has not provided the Court with evidence regarding its particular damages caused by the infringement or alleged that Defendant has profited from the infringements."[39]  Furthermore, Plaintiff has not established that "Defendant was the original 'seed' or the original user who made Plaintiff's work available to the public from his computer."[40]  Plaintiff "provides no evidence as to how it calculated lost sales or that any, let alone all, of the infringers would have paid for the content had it not been available for free via BitTorrent."[41]

The Court finds a damages award of $3,000 is sufficient to deter additional violations by Defendant. Normally, damages must be established at an evidentiary hearing, rather than based on the pleadings.  Because, however, damages here are "computable,"[42] and an evidentiary hearing does not appear necessary or helpful, the Court need not conduct one.[43]

### E.   Injunctive Relief

Plaintiff seeks permanent injunctive relief against "Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted Works,"[44] enjoining such infringement, and

---

[39] *Id*.
[40] *Malibu Media, LLC v. Flanagan*, 2014 WL 2957701 at *4 (E.D. Pa. July 1, 2014)
[41] *Brickhouse*, 2019 WL 4061754 at *3 (E.D. Pa. Aug. 27, 2019).
[42] *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1152 (3d Cir. 1990).
[43] *E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 552 (E.D. Pa. 2009); *Brickhouse*, 2019 WL 4061754 at *2 (E.D. Pa. Aug. 27, 2019).
[44] Doc. 19 at 20.

ordering that Defendant delete the digital media files with Plaintiff's works and the copies of those works.[45]  "In deciding whether to grant a permanent injunction, the district court must consider whether: (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest."[46]  This test weighs in favor of granting the injunction, but only as to Defendant himself.  As other courts have recognized, granting such an injunction as to the other, unidentified individuals would be inappropriate because those parties are not before this Court, and this Court may not have jurisdiction over them.[47]  Accordingly, the injunction is granted only as to Defendant.

### F. Costs

Plaintiff seeks costs of $897.78, which includes a filing fee of $400.00, an Internet Service Provider fee of $100.00, and process service fee of $397.78. Under 17 U.S.C. § 505, this Court may award costs to the prevailing party. Because these costs are reasonable, the Court grants the $897.78 sought.

---

[45] *Id*. at 21.
[46] *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001).
[47] *See Brickhouse*, 2019 WL 4061754 at *4 (E.D. Pa. Aug. 27, 2019); *Malibu Media, LLC v. Cui*, 2014 WL 5410170 at *4 (E.D. Pa. Oct. 24, 2014).

## III. CONCLUSION

Plaintiff's motion for default judgment is granted in part and denied in part. The Court awards Plaintiff $3,000 in statutory damages and $897.78 in costs. The Court also shall issue an order enjoining Defendant from continuing to infringe on Plaintiff's copyrighted works at issue and ordering Defendant to destroy all of Plaintiff's digital media files and copies thereof which are in Defendant's possession, custody, or control.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge